MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
6140 Stoneridge Mall Drive #250
Pleasanton, California 94588
(925) 621-1900

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

PAUL ROGER MULDER
VICKI LORRAINE MULDER

Debtors,

_____/

CHAPTER 13

CASE NO. 12-40369 WJL 13

**TRUSTEE'S OPPOSITION TO APPLICATION FOR COMPENSATION**

DATE: August 13, 2015
TIME: 1:30 p.m.
LOCATION: Courtroom #220

Martha G. Bronitsky, Chapter 13 Standing Trustee ("Trustee"), opposes Attorney's Supplemental Application for Compensation ("Application," doc. #57) based on the reasons cited below.

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

Page **1** of **7**

**FACTS**

1. On January 13, 2012, the Debtors filed for Chapter 13 bankruptcy relief.
2. The Debtors are represented by Henry G. Rendler ("Applicant").
3. The Disclosure of Compensation of Attorney for Debtor ("Form 2016B") lists no retainer with a balance of $3,600 to be paid through the plan. (Doc. #5).
4. The Rights and Responsibilities of Chapter 13 Debtors and their Attorneys ("R&R") lists initial fees of $3,600. (Doc. #7).
5. The full $3,600 has been paid to the attorney through the plan.
6. The confirmed Chapter 13 Plan ("plan") requires payments of $700 for 3 months, $1,900 for 1 month, and $1,000 for 56 months and estimates a 100% distribution to general unsecured creditors at .12 percent annual interest. (Doc. #43).
7. The Debtor was required to pay 100% to general unsecured based on non-exempt equity of approximately $145,000. (See schedule A, doc. #17, page 3; schedule C, doc. #17).
8. The Internal Revenue Service ("IRS") filed an unsecured priority claim for $200. (Claim #1).
9. Nationstar Mortgage ("Nationstar") filed a secured claim for $43,945.47 in arrears. (Claim #3-2).
10. The Debtors are current through July (month 42).
11. There are 18 months remaining.

12. The Application seeks additional fees and costs of $20,302.86. (Doc. #57).
13. If the fees and costs are awarded the plan will run 75 months and there will be no distributions to general unsecured creditors.
14. The Application acknowledges pre-petition equity of at least $300,000. (Doc. #57, page 2, line 13).
15. In summary, the basis for the fees include:
    A. An emergency bankruptcy filing to prevent a sale of Debtor's real property;
    B. Preparation of the Chapter 13 petition, schedules, statement of financial affairs, and the plan;
    C. Responding to objections filed by the Bank of New York and Alameda County Tax Collector;
    D. Objecting to Bank of New York's proof of claim;
    E. Responding to Trustee's Motion to Dismiss;
    F. Post-confirmation work related to "lender-related issues" in an attempt to refinance real property that ultimately required referral to outside counsel (Ben Dupre).
16. Debtor's counsel left a voicemail on or about December 18, 2013, regarding a possible refinance but there has been no other communication in the intervening 18 months.
17. It is unclear whether the Debtors have entered into a fee agreement with Mr. Dupre, whether Mr. Dupre has accepted fees from the Debtors, or whether Mr. Dupre has done work for the Debtors that has benefited the Debtors or the estate.

18. The Debtor has approximately $2,825 in general unsecured debt.

**ARGUMENT**

**A. APPLICATION INCLUDES FEES FOR SERVICES THAT ARE COVERED IN THE RIGHTS AND RESPONSBILITIES**

The Attorney was paid $3,600 to assist the Debtor in filing a Chapter 13 petition, preparing schedules and a statement of financial affairs, and a Chapter 13 Plan. The primary goal was to stop a foreclosure by Bank of New York due to approximately $45,000 in pre-petition arrears.

The R&R lists the standard duties of counsel in a Chapter 13 filing in exchange for the flat-fee listed in the Oakland Division Guidelines. The services are separated into pre and post-filing duties. After the case is filed, the Attorney agrees to at least nine enumerated duties:

1. Appear at the 341 Meeting of Creditors;
2. Respond to objections and amended the plan if necessary;
3. Prepare, file, and serve motions to modify plan;
4. Amend statements and schedules;
5. Prepare, file, and serve motions to buy, sell, or refinance property;
6. Object to invalid claims;
7. Represent debtors in motions for relief from stay;
8. Prepare, file, and serve motions to avoid liens; and
9. Provide such other legal services "as are necessary for the administration the present case"

The Attorney seeks fees and costs of $20,302.86 presumably pursuant to 11 U.S.C. §330. Section 330(a)(4)(B) allows

Page **4** of **7**

"reasonable compensation" based on "consideration of the benefit and necessity" of the services.

That an Attorney documents his work is not *per se* grounds to approve an application for additional fees. The application should be denied because it is for services that the Debtors could reasonably expect would be included in the R&R. The primary basis for the fees are:

A. An emergency bankruptcy filing to prevent a sale of Debtor's real property;

B. Preparation of the Chapter 13 petition, schedules, statement of financial affairs, and the plan;

C. Responding to objections filed by the Bank of New York and Alameda County Tax Collector;

D. Objecting to Bank of New York's proof of claim;

E. Responding to Trustee's Motion to Dismiss;

F. Post-confirmation work related to "lender-related issues" in an attempt to refinance real property that ultimately required referral to outside counsel (Ben Dupre).

The Trustee does not dispute that the Attorney provided services to the Debtors that helped the Debtors obtain confirmation of their Chapter 13 plan. Indeed, the Trustee would not oppose additional fees of $1,200 which would increase the total compensation to $4,800, the amount permitted under the Oakland Division Guidelines.

The services, however, were primarily covered under in the R&R under items 2 (respond to creditor objections), 5 (aid in selling or refinancing of real property), 6 (object to invalid

claims), and 9 (other necessary legal services, i.e., appear at confirmation hearings, respond to motions to dismiss, etc.). These services are not extraordinary or unusual. That they may be time consuming – depending on the facts of each individual case -- is not grounds alone to award additional compensation. That this was an "emergency filing" with significant arrears is not grounds to approve additional fees either.

The R&R and initial fees represent a fair compromise between the Debtors and the Attorney. Each party knows what is covered under the representation. Attorneys understand that some cases will require more work than others, but unless there are unexpected and unusual circumstances, both parties should be bound by the agreement.

## B. PLAN MUST PAY 100 PERCENT TO UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 1325(a)(4)

The confirmed plan requires 100 percent to general unsecured creditors with .12 percent interest. This was required to meet the best interests of the creditors test pursuant to 11 U.S.C. § 1325(a)(4). The Application concedes that the Debtor had $300,000 in pre-petition equity.

If the Application is approved, general unsecured creditors will receive nothing. As a result, the application cannot be approved.

## C. PLAN WILL BE UNFEASIBLE

If the Application is approved, the plan will no longer be feasible. There are 18 months remaining. If the fees and costs are approved, the plan will run 75 months. As a result, the Application cannot be approved.

Case: 12-40369   Doc# 59   Filed: 07/28/15   Entered: 07/28/15 11:58:56   Page 6 of 7

**D. APPLICATION INCLUDES FEES FOR SERVICES THAT HAVE NOT BENEFITED THE DEBTORS OR THE ESTATE**

The Application includes fees for post-confirmation "lender related issues" with respect to correcting information on the Debtor's credit report and refinancing the Debtor's real property. The Applicant contacted the Trustee's office in December 2013 regarding approval for a refinance but there has been no communication since. The Applicant ultimately referred the Debtors to outside counsel, Ben Dupre.

There is no evidence that the Debtors have been able to refinance their property or that credit reporting issues have been corrected. Likewise, it is unclear if the Debtors have retained Ben Dupre, if they have paid Dupre any fees in connection with his services, and what, if any, services Mr. Dupre has performed.

Since there is no evidence that the Applicant's services benefited the Debtors or the estate, the additional fees in connection with the post-confirmation services should be denied. Moreover, the Applicant, the Debtors, and or Mr. Dupre should be required to file a declaration regarding Mr. Dupre's involvement in the case.

## CONCLUSION

WHEREFORE, the Trustee respectfully objects to Attorney's Supplemental Application for Compensation.

RESPECTFULLY SUBMITTED

July 28, 2015         /s/Martha G. Bronitsky 5909
DATE                  Martha G. Bronitsky, Esq.
                      Chapter 13 Standing Trustee